**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie Ray JACKSON,**
**Defendant-Appellant.**

**No. 88-5204.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1988.
Decided Sept. 29, 1988.

Mark F. Adams, San Diego, Cal., for defendant-appellant.

Michael J. Dowd, Asst. U.S. Atty., Criminal Div., San Diego, Cal., for plaintiff-appellee.

---

* Judge Wiggins did not participate in the consideration of this application.

Before NORRIS, HALL and KOZINSKI, Circuit Judges.

PER CURIAM:

The district court refused to sentence the appellant pursuant to the Sentencing Reform Act of 1984 (SRA), Pub.L. No. 98-473, tit. II, ch. II, 98 Stat.1987 (codified as amended at 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998 (Supp. IV 1986)), sentencing him, instead, according to prior law. The district court did, however, place the appellant on supervised release for a period of one year following release from prison, as provided in the SRA, 18 U.S.C. § 3583 (Supp. IV 1986). We subsequently held the Sentencing Reform Act to be unconstitutional. *Gubiensio-Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir.1988).

The only issue this appeal presents is whether the SRA's supervised release provision is severable from the rest of the Act. We hold that it is not. The Act introduced a comprehensive revision of post-custodial supervision, abolishing parole and substantially curtailing the availability of good time credits. *Gubiensio*, at 1247. In *Gubiensio*, we considered the severability of the provision relating to good time credits and concluded: "Congress having chosen a 'comprehensive' approach to making sentencing more determinate, we will not sever companion sections of the guidelines system that would introduce piecemeal reforms." *Id.* at 1268. We reach the same conclusion as to the supervised release provision. Severing the provision would leave in place two competing systems of post-custodial supervision—parole and probation under pre-SRA law and supervised release under the SRA. The simultaneous availability of both systems would be senseless.

Accordingly, we vacate appellant's sentence and remand for resentencing in light of *Gubiensio* and this opinion. The mandate shall issue immediately. Fed.R.App. P. 2.